Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Melodie Graffenberger and Paul Graffenberger,** husband and wife; | No. |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| **Aron & Associates, P.C.,** an Arizona corporation; **Portfolio Recovery Associates, LLC,** a Delaware limited liability company; | (Jury Trial Demanded) |
| Defendants. | |

Plaintiffs alleges as follows:

**I.   PRELIMINARY STATEMENT**

1.   Plaintiffs bring this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA").  In the course of attempting to collect a debt allegedly owed by Plaintiffs, Defendants engaged in deceptive, unfair and/or abusive debt collection

1    practices in violation of the FDCPA.   Plaintiffs seek

2    to recover their actual damages, and statutory damages,

3    as well as reasonable attorney's fees and costs.

4                **II.   STATUTORY STRUCTURE OF FDCPA.**

5    2.   Congress passed the FDCPA to eliminate abusive debt

6         collection practices by debt collectors, to insure that

7         those debt collectors who refrain from using abusive

8         debt collection practices are not competitively

9         disadvantaged, and to promote consistent state action to

10        protect consumers against debt collection abuses. FDCPA

11        § 1692.

12   3.   The FDCPA is designed to protect consumers who have been

13        victimized by unscrupulous debt collectors regardless of

14        whether a valid debt exists.   Baker v. G.C. Services

15        Corp., 677 F.2d 775, 777 (9th Cir. 1982).

16   4.   The FDCPA defines a "consumer" as any natural person

17        obligated or allegedly obligated to pay any debt.   FDCPA

18        § 1692a(3).

19   5.   The FDCPA defines "debt" as any obligation or alleged

20        obligation of a consumer to pay money arising out of a

21        transaction in which the money, property, insurance, or

22        services which are the subject or the transaction are

23        primarily for personal, family, or household purposes.

24        FDCPA § 1692a(5).

25   6.   The FDCPA defines "debt collector' as  any person who

26        uses any instrumentality of interstate commerce or the

mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

## III.   JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendants perpetrated therein.

## IV.   PARTIES

9. Plaintiffs are residents of Maricopa County, Arizona.

10. Plaintiffs are allegedly obligated to pay a consumer debt and are "consumers" as defined by FDCPA §1692a(3).

11. Defendant Aron & Associates, P.C. is an Arizona professional corporation.

12. Aron & Associates regularly collects or attempts to collect debts owed or asserted to be owed or due another, and is a "debt collector" as defined by FDCPA

§1692a(6).

13. Defendant Portfolio Recovery Associates, LLC is a limited liability company domiciled in the State of Delaware.

14. Portfolio regularly collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it has purchased after default, and is a "debt collector" as defined by FDCPA §1692a(6).

15. At all times relevant herein, Aron & Associates was acting on behalf of and as an agent in fact for Portfolio.

## V.  FACTUAL ALLEGATIONS

16. Prior to 2002, Plaintiffs opened a credit card account with Providian National Bank which was used for personal, family, and household purposes ("Providian account").

17. Plaintiffs subsequently defaulted on the Providian account and have made no payments since 2002.

18. Upon information and belief, Providian sold Plaintiffs' account to Portfolio.

19. At the time Providian sold the account to Portfolio, the account was in default.

20. Thereafter, Portfolio engaged Aron & Associates to assist it in collecting the Providian account.

21. On or about June 27, 2006, Aron & Associates through its president, Esther Simon, sent Plaintiffs a letter

1    concerning the collection of the Providian account.  A

2    copy of the June 27, 2006 letter is attached as Exhibit

3    A.

4  22.  Exhibit A is the first communication sent by Aron &

5    Associates to Plaintiffs concerning the Providian

6    account.

7  23.  Exhibit A states in part "If you believe that the amount

8    stated above is incorrect because of a prior payment *or*

9    *if you would like to discuss making monthly payments,*

10    call Portfolio Recovery Associates, LLC at 1-866-405-

11    7676." (Emphasis in original).

12  24.  Exhibit A also states:

13        *This is an attempt to collect a debt.*
         *Unless you dispute the validity of the*
14        *debt, or any portion thereof, within 30*
         *days of receipt of this letter, it will be*
15        *assumed to be valid.  If the dispute is*
         *received in writing, debt verification, or*
16        *a copy of judgment, will be obtained and*
         *mailed to you.  If requested in writing*
17        *within 30 days of the receipt of this*
         *letter, original creditor's name and*
18        *address will be provided.*

19  (Emphasis in original).

20  25.  On July 2, 2006, and within 30 days of receipt of

21    Exhibit A, Plaintiffs sent a letter to Portfolio

22    disputing the debt.  A copy of the July 2, 2006 letter

23    is attached as Exhibit B.

24  26.  Plaintiffs also mailed a copy of Exhibit B to Aron &

25    Associates.

26  27.  In Exhibit B, Plaintiffs also proposed making monthly

1    payments of $100.00.

2  28.  On or about October 6, 2006, Portfolio sent Plaintiffs

3    a letter concerning the Providian account.  A copy of

4    the October 6, 2006 letter is attached as Exhibit C.

5  29.  Exhibit C is the first communication written from

6    Portfolio to Plaintiffs concerning the Providian

7    account.

8  30.  Exhibit C states "We will accept a monthly payment of

9    $100.00 per month until the account is paid in full.

10    You must contact Mr. Mullin on or before October 27,

11    2006 before 5:00 pm to set up your direct check payments

12    or this arrangement will be deemed null and void and we

13    will pursue any and all legal remedies available to us."

14  31.  Upon receipt of Exhibit C, Plaintiff Melodie

15    Graffenberger immediately contacted Portfolio to set up

16    the direct check payments from her bank account.

17  32.  Pursuant to those calls, Portfolio agreed to debit

18    Plaintiffs' bank account on a monthly basis beginning in

19    October 2006 and continuing until the Providian account

20    was paid in full.

21  33.  Portfolio debited Plaintiffs' bank account for the first

22    $100.00 payment on October 26, 2006.

23  34.  Between October 2006 and continuing through the present,

24    Portfolio has withdrawn monthly payments of $100.00 to

25    $150.00 from Plaintiffs' bank account.

26  35.  On October 25, 2006, and after Portfolio agreed to

accept monthly payments from Plaintiffs, Aron & Associates filed suit in the East Mesa Justice Court on behalf of Portfolio and against Plaintiffs concerning the Providian account.

36. In the Justice Court action, Portfolio sued Plaintiffs for $4,230.66 plus interest at 10% from December 31, 2003.

37. Aron & Associates, on behalf of Portfolio, served Plaintiffs with the Summons and Complaint.

38. When Plaintiffs received the Summons and Complaint they were very upset and angry because they had already made payment arrangements with Portfolio specifically to avoid the legal action which was now being taken against them.

39. Because of the suit, Plaintiffs were required to hire legal counsel to defend them in the Justice Court action.

40. At the time Portfolio filed the Justice Court action against Plaintiff, the alleged debt had been in default for no less than three years, and was beyond the applicable Arizona statute of limitations for open accounts, A.R.S. § 12-543.

41. On December 13, 2006 Portfolio sent Plaintiffs a letter confirming the payment arrangements it had made in October 2006. A copy of the December 13, 2006 letter is attached as Exhibit D.

42. On at least two separate occasions in January and February 2007, Aron & Associates, on behalf of Portfolio, attempted to coerce Plaintiffs into signing off on a stipulated judgment.

43. Each time, the proposed judgment failed to account for the payments Portfolio had already received pursuant to the payment arrangement.

44. At no time has Portfolio sent Plaintiffs any verification of the alleged debt.

45. At no time has Aron & Associates sent Plaintiffs verification of the alleged debt.

46. As a result of Defendants' actions, Plaintiffs have suffered actual damages as defined under the FDCPA, including, but not limited to, legal expenses incurred in defending the Justice Court action.

47. Plaintiffs have also suffered actual damages including anger, loss of sleep, upset stomach, humiliation, embarrassment, and emotional distress.

48. Defendants' actions here were intentional, willful, and in gross or reckless disregard of Plaintiffs' rights and part of their persistent and routine practice of debt collection.

49. In the alternative, Defendants' actions were negligent.

## VI.   CAUSES OF ACTION

### a.   Fair Debt Collection Practices Act

50. Plaintiffs repeat, reallege, and incorporate by

1        reference the foregoing paragraphs.

2   51.   Defendants' violations of the FDCPA include, but are not

3        necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A),

4        1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), and

5        1692g.

6   52.   As a direct result and proximate cause of Defendants'

7        actions in violation of the FDCPA, Plaintiffs have

8        suffered actual damages for which Defendants are liable.

9                    **VII.   DEMAND FOR JURY TRIAL**

10       Plaintiffs hereby demand a jury trial on all issues so

11  triable.

12                   **VIII.   PRAYER FOR RELIEF**

13       WHEREFORE, Plaintiffs requests that judgment be entered

14  against Defendants for:

15       a)   Statutory damages of $1,000 against each defendant

16            pursuant to §1692k;

17       b)   Actual damages in an amount to be determined by

18            trial;

19       c)   Costs and reasonable attorney's fees pursuant to

20            §1692k; and

21       d)   Such other relief as may be just and proper.

22  / / /

23  / / /

24

25

26

1

2      DATED ___May 22, 2007___.

3                              **FLOYD W. BYBEE, PLLC**

4

5                               _s/ Floyd W. Bybee_____
                               Floyd W. Bybee, #012651
6                              2473 S. Higley Road
                               Suite 104, #308
7                              Gilbert, Arizona 85297
                               Office:  (480) 756-8822
8                              Fax: (480) 302-4186
                               floyd@bybeelaw.com
9
                               Attorney for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26